**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| GAGANDEEP SINGH | CIVIL ACTION NO. 26-3438 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TODD M. LYONS, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court is an Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Record Document 2) filed by the habeas petitioner in this case, Gagandeep Singh ("Petitioner"). Petitioner is a native and citizen of India. See Record Document 1-2 at 3. He entered the United States on or about January 22, 2024. See Record Document 1 at 2. He was released pursuant to an Order of Release on Recognizance on or about that same date "for the purpose of continuing his removal proceedings." Id.

On August 24, 2026, Petitioner was on duty as a licensed co-driver for a commercial truck. See id. The truck he was in was stopped by law enforcement and he was re-arrested by ICE. See id. He is currently being detained at the Jackson Parish Correctional Center. See id.

In his Habeas Petition, Petitioner seeks to terminate his unlawful detention and asks the Court to order his immediate release. See Record Document 1 at 3. In the instant motion, Petitioner seeks emergency relief to prevent continued unlawful detention and to preserve this Court's jurisdiction." Record Document 2 at 2. He submits that the only appropriate relief is immediate release. See id. He also asks the Court to

"temporarily restrain Respondents from transferring [him] out of [the Western District of Louisiana]" and "from removing [him] from the United States." Id. at 10-11.

An applicant for a Temporary Restraining Order ("TRO") and/or a Preliminary Injunction must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

In this case, Petitioner seeks the injunctive relief of immediate release. Such relief is identical to the relief requested in his Habeas Petition. Another judge within this District decided a similarly situated case, stating:

> The Supreme Court, very recently, reminded lower courts that preliminary injunctions are, as their name suggests, preliminary and should "not conclusively resolve legal disputes." Lackey v. Stinnie, 604 U.S. 192,

> 200 (2025). In other words, they should not be used to rule on the final, merits question.
>
> Rather, TROs and preliminary injunctions help "preserve the status quo until a trial" or other final disposition is rendered. Id. at 193. That begs the question: what does it mean to preserve the status quo? While the words "status quo" do not appear within Rule 65 . . . , it is implicit in the "irreparable harm" prong. . . . Irreparable harm must also take away "the court's ability to render a meaningful decision on the merits." Canal Auth. of the State of Florida v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974); see also Samuel L. Bray, The Purposes of the Preliminary Injunction, 78 Vand. L. Rev. 809, 823–26 (2025) (concluding the same after probing Founding-era sources). Put differently, "[t]here is always a status quo. There should not be a preliminary injunction to protect it, however, unless the court's ability to render a meaningful decision on the merits would otherwise be in jeopardy." Callaway, 489 F.2d at 573.

Pema Sherpa v. Judith Almodovar, et al., No. 3:25-CV-01718 SEC P, 2026 WL 74401, at *2 (W.D. La. Jan. 9, 2026). A ruling on the instant emergency motion should not resolve the legal disputes in this case as a whole. Thus, the Court views Petitioner's requests as an effort to obtain a ruling on the merits of his Habeas Petition through injunctive relief. Petitioner's motion for injunctive relief is essentially a motion to decide the Habeas Petition now. See Garcia-Aleman v. Thompson, No. SA-25-CV-00886-OLG-HJB, 2025 WL 3769302, at *1 (W.D. Tex. Oct. 30, 2025). The issues raised in the motion are more appropriately addressed through the ordinary adjudication of the Habeas Petition.

Petitioner also asks the Court to temporarily restrain Respondents from transferring him outside of the Western District during the pendency of his Habeas Petition. "Mere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Here, Petitioner fails to show a likelihood that he will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena

Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Finally, Petitioner seeks an order restraining Respondents from removing him from the United States. While this relief is labeled as a request to maintain the status quo, the Court finds it is a challenge to a removal order. See Imran v. Harper, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026), citing In re Asemani, 2025 WL 1823953, at *1 (4th Cir. July 2, 2025) (construing habeas petitioner's request for stay as seeking review of the final removal order). The Fifth Circuit recently reiterated that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." Id., citing Humphries v. Various Fed. USINS Emps., 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted). Here, Petitioner's request for a stay of removal may be premature because it is unclear if a final order of removal has been entered. Notwithstanding, this Court would lack jurisdiction to grant Petitioner's request to restrain Respondents from removing him from the United States while he seeks review of his Habeas Petition. See Fabuluje v. Immigration & Naturalization Agency, 244 F.3d 133, 133 (5th Cir. 2000) (unpublished) (holding that district court was without jurisdiction to grant stay of removal under § 1252(g)); Idokogi v. Ashcroft, 66 F. App'x 526, 526 (5th Cir. 2003) (same); see also Westley v. Harper, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025).

Accordingly,

**IT IS ORDERED** that Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Record Document 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 8th day of September, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE